## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

EDISON GEORGES
     Plaintiff,                               CIVIL ACTION
                                               FILE NO.

v.

DISCOVER FINANCIAL SERVICES, Inc.

     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff. Plaintiff, an individual, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. 227 et seq.

### II. PARTIES

1. Plaintiff is a natural person residing in Orange County, Florida.

2. Defendant is a foreign for profit engaged in consumer debt collections.

3. Defendant was attempting to collect an alleged but unsubstantiated debt against Plaintiff, which gives rise to this action.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. 1331

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Orange County, Florida, which falls under the jurisdiction of the Orlando Division of the Middle District Court.

## IV. STATUTORY STRUCTURE TCPA

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

7. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

(A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B)    to dial such numbers.

See, 47 U.S.C. 227 (a)(1)

8. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

9. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

    (A)   an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B)   an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C)   both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. 227 (b)(3).

## V. FACTUAL ALLEGATIONS

10.  On at least June 4, 2013 the Plaintiff's specifically told the Defendant that "I'm expressly asking all calls be stopped and reduced to writing..." revoking any express consent the Defendant had, if any.  Defendant is in receipt of the revocation request from Plaintiff.

11. As of July 1, 2013, Defendant has continued to call Plaintiff despite Plaintiff's instructions at least 15 or more times. As of June 4, 2013, Defendant continued to call the Plaintiff (cell phone) intentionally, in total disregard of Plaintiff's directive.

## VI. TCPA VIOLATIONS

12.  Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

13.  The actions of the Defendant individually and collectively violated the TCPA.

14.  By the Defendant calling the Plaintiff's cell phone without express consent and in direct violation of Plaintiff's instructions, thereby Defendant violated the TCPA. 27 U.S.C.  227

15.  By the Defendant calling the Plaintiff's cell phone without consent and expressly against the directive that Plaintiff issued to Defendant, Defendant violated the TCPA.  27 U.S.C.  227, using an auto-dialer.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to TCPA 47 U.S.C. 227 (b)(3);

(2) Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

(3) Fair and reasonable costs of this action, court costs and attorney's fees;

(4) Injunctive relief;

(5) Such other and further relief that the Court deems just and proper.

## COUNT II-CHAPTER 559, FLORIDA STATUTES

16. Plaintiff hereby reincorporates and readopts and re-alleges paragraphs 1 through 15.

17. This court has supplemental jurisdiction

18. Count II is premised upon violations of Chapter 559 of the Florida Statutes. Plaintiff demands a trial by jury on all counts so triable in Count II.

19. Plaintiff was alleged by Defendant to have a consumer debt.

20. Plaintiff disputed the allegation of indebtedness made by Defendant and Plaintiff advised Defendant to no longer contact Plaintiff on **June 4, 2013**, but instead to contact Plaintiff's legal representative regarding the claims of indebtedness on at least 15 subsequent occasions and Defendant continues to do. Defendant is in receipt of the revocation demand from Plaintiff.

21. Subsequently, Defendant refused Plaintiff's lawful directive as set forth by Plaintiff and continued to contact Plaintiff without regard to Plaintiff's specific instructions, as set forth above.

22. Plaintiff had a lawful right to instruct Defendant not to have further direct contact with Plaintiff regarding that debt alleged by Defendant, per Chapter 559 of the Florida Statutes.

23. Fla. Statutes, Section 559.72, which prohibits debt collectors (such as Defendant in this case) from harassing alleged debtors, and which prevents a debt collector from communicating directly with an alleged debtor if the debt collector knows that the alleged debtor is represented by an attorney.

24. Defendant knew that Plaintiff was represented by an attorney as of June 4, 2013 or shortly thereafter. Notwithstanding the fact that Defendant knew Plaintiff was represented by an attorney, Defendant continued to contact Plaintiff as set forth above and Defendant continues to do so.

25. Defendant's conduct, including but not limited to Defendant's willful, intentional and malicious refusal to cease harassing Plaintiff and to further refuse to communicate with Defendant's legal representative constitutes a violation of law, including but not limited to Fla. Statutes, Section 559.72(18).

WHEREFORE, Plaintiff seeks judgment against Defendant for all damages provided for under the law as well as reasonable attorney fees and costs.

I hereby swear and affirm that the factual allegations contained herein are true and accurate.

Edison Georges

W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjgc@mazgadd.com